UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

POPLAR LANE FARM LLC and
E. ROBERT FUSSELL,

                          Plaintiffs,

        v.                                          **DECISION AND ORDER**
                                                    08-CV-509S

THE FATHERS OF OUR LADY OF MERCY,

                          Defendant.

## I. INTRODUCTION

In this action, Plaintiffs allege that Defendant failed to pay for natural gas extracted from their wells. Presently at bar are Defendant's Motion to Dismiss and Plaintiffs' Cross Motion for Recusal, Summary Judgment, and other relief.[1] For the reasons below, Defendant's motion is granted and Plaintiffs' motions are denied.

## II. BACKGROUND

For the purposes of Defendant's Motion to Dismiss, the following facts alleged in the complaint are accepted as true.

On August 21, 1984, Robert G. Fussell entered into a lease agreement ("1984 Lease") with James F. Lapp that allowed Lapp to use Fussell's property "for the purposes of exploring, drilling and operating for, producing, storing, removing and marketing oil and gas, or either of them, and/or their constituents." (1984 Lease, Docket No. 1, ¶ 1).[2] The 1984 Lease, among other things, provided that Lapp would pay Fussell the field market

---

[1] Also pending is Plaintiff's Motion for Leave to Submit a Late Affidavit. That motion will be granted and the Affidavit of Irene Walters has been considered.

[2] The Lease Agreement is attached to Defendant's Notice of Removal as Exhibit A.

price for one-eighth of the gas (not including storage gas) produced and marketed from the premises. (1984 Lease, ¶ 3). The 1984 Lease also gave either party the right of whole or partial assignment. (1984 Lease, ¶ 11).

On December 6, 1996, Lapp assigned the 1984 Lease to YoRel Energy Corporation. (Compl., Docket No. 1, Exhibit B).[3] YoRel Energy Corporation then assigned it to Defendant Fathers of Our Lady of Mercy on December 12, 1996. (Compl., Exhibit C). YoRel notified Fussel of this assignment on January 3, 1997. (Compl., Ex. D). One week later, Fussell died.

Upon Fussell's death, his interest in the 1984 Lease, along with ownership of the land underlying the 1984 Lease, passed to his son, Plaintiff E. Robert Fussell. (Compl., ¶ 5). On February 16, 2006, E. Robert Fussell conveyed the 1984 Lease and the land subject to the lease to Plaintiff Poplar Lane Farm, LLC. (Compl., ¶ 7).

The 1984 Lease pertains to three gas wells—"Fussell 1", "Fussell 2", and "Page 4." (Compl., ¶¶ 13, 14). In 1997, 2001, and 2004, no gas was extracted from these wells. (Compl., Ex. G). Gas was extracted from the wells in 1998, 1999, 2000, 2002, 2003, 2005, and 2006. (Compl., Ex. G).

Plaintiffs, believing payment was due, exchanged letters with Defendant and their counsel. (Compl., Ex. E, G, H, I, J). Those exchanges were not fruitful, resulting in Plaintiffs' filing suit in Supreme Court of the State of New York, County of Genesee, on June 4, 2008. Defendant removed the case to this Court on July 8, 2008.

---

[3]Plaintiffs' complaint and its exhibits are attached to Defendant's Notice of Removal as Exhibit A.

## III. DISCUSSION AND ANALYSIS

### A.    Plaintiffs' Motion for Recusal

Plaintiffs moved for this Court's recusal on August 21, 2008, arguing that "it would be highly inappropriate for a member of the Roman Catholic faith to sit in judgment in this case," presumably because Defendant is an Order of Catholic priests.  (Pls.' Affirmation in Supp. of Cross-Mot. for Recusal, Docket No. 7, ¶ 3).   Recusal of federal judges is governed by 28 U.S.C. §§ 144 and 455 and is required when judges hold a bias or prejudice or their impartiality may reasonably be questioned.   Time and again, however, courts have addressed the question of whether intrinsic characteristics of a judge — such as religion, race, ethnicity, or gender — are alone enough to inject bias, prejudice, or the appearance of impartiality when that characteristic is also shared by a party appearing before that court.   Resoundingly, the answer is that recusal is not warranted.  See United States v. El-Gabrowny, 844 F.Supp. 955 (S.D.N.Y. 1994) (religion); Hoatson v. New York Archdiocese, 2006 U.S. Dist. LEXIS 87877 (S.D.N.Y. 2006) (religion); Idaho v. Freeman, 507 F.Supp. 706 (D. Idaho 1981) (religion); Macdraw, Inc. v. CIT Group Equipment Financing, Inc., 994 F.Supp. 447 (S.D.N.Y. 1997) (race); Blank v. Sullivan & Cromwell, 418 F.Supp. 1 (S.D.N.Y. 1975) (gender); Commonwealth of Pennsylvania v. Local Union 542, IUE, 388 F.Supp. 155 (E.D.Pa. 1973) (race).  Accordingly, Plaintiffs' Motion for Recusal, which is based entirely on Plaintiffs' subjective belief that a Roman Catholic cannot fairly preside over a case involving a Catholic religious order, is denied.

**B.      Motion to Dismiss**

Rule 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12 (b)(6).  Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim.  FED. R. CIV. P. 8(a)(2).  But the plain statement must "possess enough heft to show that the pleader is entitled to relief."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor.  Goldstein, 516 F.3d at 56; ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).  Legal conclusions, however, are not afforded the same presumption of truthfulness.  See Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)  ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1945 (quoting Twombly, 550 U.S. at 570).  Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged.  Iqbal, 129 S.Ct. at 1949.  The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief.  Id. at 1950; FED. R. CIV. P. 8(a)(2).  Well-pleaded allegations in the complaint must nudge the claim "across the line from

4

conceivable to plausible." <u>Twombly</u>, 550 U.S. at 570.

A two-pronged approach is thus used to examine the sufficiency of a complaint, which includes "any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." <u>Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.</u>, 369 F.3d 212, 217 (2d Cir. 2004). This examination is context specific and requires that the court draw on its judicial experience and common sense. <u>Iqbal</u>, 129 S.Ct. at 1950. First, statements that are not entitled to the presumption of truth — such as conclusory allegations, labels, and legal conclusions — are identified and stripped away. <u>See Iqbal</u>, 129 S.Ct. at 1950. Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to determine whether they "plausibly give rise to an entitlement to relief." <u>Id</u>. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. <u>Id</u>.

In relevant part, the complaint alleges:

The plaintiff E. Robert Fussell is due and owing from the defendant $79,951.75 for gas taken from his property from January 1997 through January 2006, plus interest, costs and disbursements.
. . .
The plaintiff Poplar Lane Farm LLC is due and owing from the defendant $31,448.73 for gas taken from his property from February 2006 until April, 2008 plus interest, costs and disbursements.

(Compl., ¶ ¶ 16, 17).

There is some dispute as to the nature of Plaintiffs' complaint. Plaintiffs do not specifically identify their cause of action, but they include allegations that payment is "due and owing," which suggests a breach of contract claim on the basis that the Defendant was contractually obligated to make the alleged payments.

5

To state a claim for breach of contract under New York law, a plaintiff "need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir. 1996) (citing Tagare v. NYNEX Network Sys. Co., 921 F.Supp. 1146, 1149 (S.D.N.Y. 1996)).

Defendant argues that neither adequate performance of the contract by the plaintiff nor, more significantly, breach of contract by Defendant are alleged in Plaintiffs' complaint. Indeed, the complaint lacks any allegation that the 1984 Lease was breached, and in response to Defendant's argument, Plaintiffs concede that there was not "a breach of said [ ] contract."[4] (Pls.' Affirmation in Opp. to Def.'s Mot. to Dismiss, ¶ 7). This Court therefore finds that the complaint fails to state a claim for breach of contract.

Plaintiffs, however, assert that "the facts alleged in the Complaint instead support such Causes of action as: Fraud and Deceit, . . . [and] conversion." (Pls.' Affirmation in Opp. to Def.'s Mot. to Dismiss, ¶ 7). Given Plaintiffs' pro se status, this Court will consider Plaintiffs' alternative constructions of the complaint.[5] See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

---

[4] The omitted word in this quote is "nonexistant." Plaintiffs argue that the 1984 Lease was no longer valid because "neither [assignment] was accepted or approved by [then-Lessor] Robert G. Fussell." (Compl., ¶ 4). Acceptance or approval, however, was not required, as "[t]he privilege of assignment in whole or in part is expressly allowed to Lessor and Lessee." (1984 Lease, ¶ 11). There are no ancillary clauses that require the Lessor's acceptance or approval as a condition for Defendant to exercise the privilege of assignment.

[5] This Court notes that although Plaintiff E. Robert Fussell is proceeding on his own behalf, he is a licensed attorney.

A complaint alleging fraud and deceit under New York law must "contain allegations of a representation of material fact, falsity, scienter, reliance and injury." <u>Small v. Lorillard Tobacco Co., Inc.</u>, 94 N.Y.2d 43, 720 N.E.2d 892 (1999). Additionally, "the circumstances constituting the wrong shall be stated in detail." N.Y. C.P.L.R. 3016(b).

Even assuming that Plaintiffs intended causes of action for fraud and/or deceit, the complaint is deficient. Plaintiffs' allegations do not meet the requirements of New York law. Where any elements are lacking, there is no actionable fraud. <u>See</u> <u>McClurg v. State</u>, 204 A.D.2d 999, 613 N.Y.S.2d 71 (4th Dep't 1994); <u>Fleet Factors Corp. v. Van Dorn Retail Management, Inc.</u>, 180 A.D.2d 556, 580 N.Y.S.2d 282 (1st Dep't 1992).

Plaintiffs point generally to paragraphs 5, 6, and 9 of their complaint as support for a fraud and deceit cause of action. Neither paragraph 5 nor paragraph 9 include allegations that could properly be characterized as a representation by Defendant, much less representation that is false. In paragraph 6 of the complaint, Plaintiffs allege that annual checks received from Defendant "told [P]laintiff land owner that the [D]efendant was not extracting his gas." (Compl. ¶ 6) (emphasis removed). This assertion is premised on the allegation that "Clause 4 of the 8-21-84 lease requires payment of $362.25 per year, but only if the lessee is not taking gas." (Compl., ¶ 6). This allegation, however, is not an accurate recitation of Clause 4 of the 1984 Lease, which provides that if "no well [was] commenced on said premises within six months from this date [August 21, 1984]," the "Lessee shall pay to Lessor a delay rental of Three Hundred Sixty-Two and 25/100----------Dollars each year thereafter, payable in advance annually, semi-annually or quarterly at the option of Lessee, until a well is commenced or this lease surrendered." (1984 Lease, ¶ 4). The $362.25 payment relates to whether wells are commenced on the property, not

whether gas has been extracted wells. Contrary to Plaintiffs' argument, this payment is not a false representation of a material fact. Consequently, a cause of action alleging fraud and deceit cannot be sustained.

Plaintiffs' complaint also fails to state a conversion claim. The elements of conversion are as follows:

> when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession.

Colavito v. New York Organ Donor Network, Inc., 8 N.Y.3d 43, 49-50, 827 N.Y.S.2d 96, 100 (2006). Plaintiffs argue that alleging "[D]efendant continues to convert the [P]laintiff's gas" (Compl., ¶ 12) is sufficient to sustain conversion as a cause of action. Plaintiffs are incorrect. Conclusory statements alone are insufficient; the complaint must contain factual allegations that support the cause of action alleged. Leeds, 85 F.3d at 53 (2d Cir. 1996) ("bald assertions and conclusions of law will not suffice").

Plaintiffs' allegation that Defendant converted his gas, even were it elaborated beyond the point of being conclusory in nature, would be insufficient. Conversion applies to personal property, not real property. Colavito, 8 N.Y.3d 43, 49-50. In New York, natural gas is considered real property. Watters v. People, 23 Misc. 2d 402, 403 (Sup. Ct. Cattaraugus Co. 1960). Because Plaintiffs' do not allege that personal property was taken, Plaintiffs fail to state a conversion claim.

Accordingly, this Court finds that Plaintiffs have failed to adequately state claims upon which relief can be granted. Moreover, Plaintiffs have been afforded the functional equivalent of an opportunity to amend their complaint by having the causes of action

identified in their memorandum considered and examined. Further opportunity to amend is therefore unnecessary and would be futile. The contract upon which Plaintiffs rely simply does not govern their claims against the Defendants.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Cross Motion for Recusal is denied and Defendant's Motion to Dismiss is granted. Plaintiff's Motion for Summary Judgment is denied as moot. Moreover, because the Court has broadly construed Plaintiffs' complaint and considered all possible causes of action the complaint might state, allowing Plaintiffs' to amend their complaint would be futile and is therefore unnecessary.

## V. ORDERS

IT HEREBY IS ORDERED, that Plaintiffs' Motion for Recusal, Summary Judgment, Preliminary Injunction, Permanent Injunction, and Bifurcation (Docket No. 7) is DENIED.

FURTHER, that Defendant's Motion to Dismiss (Docket No. 5) is GRANTED.

FURTHER, that Plaintiffs' Motion for Leave to File a Late Affidavit (Docket No. 31) is GRANTED.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.


Dated:   August 18, 2010
         Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        Chief Judge
                                        United States District Court